IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN R. BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-2719-M (BT) |
| | § | |
| WELLS FARGO HOME MORTGAGE | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are two motions filed by Defendant Wells Fargo Bank, N.A.: (1) a Motion to Dismiss [ECF No. 14]; and (2) a Motion to Vacate Default Judgment [ECF No. 19]. For the reasons stated, the Court should **GRANT** both of Defendant's Motions. The Court should dismiss Plaintiff's federal claim with prejudice for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### **Background**

On August 8, 2016, Plaintiff Steven Black, proceeding *pro se*, filed a civil action against Wells Fargo Home Mortgage, Inc. in the Justice Court, Precinct 3, Place 1, in Dallas County, Texas. *See* Pet. [ECF No. 1-5]. Plaintiff used a "Small Claims Petition" form provided by the state court to allege "Defendant(s) are justly indebted to Plaintiff(s) in the sum of $5,000.00 for the following reason(s):

1

1) defamation; 2) negligent enablement of identity fraud; and 3) violation of the Fair Credit Reporting Act." *See* Pet. 3 [ECF No. 1-5].

At Plaintiff's request, the state court issued a citation for Wells Fargo Home Mortgage, Inc. to be served on the Iowa Secretary of State at 321 E. 12th, Des Moines, Iowa 50319. *See* Pet. 1 [ECF No. 1-5]; Ex. G [ECF No. 1-7]. One month later, on September 8, 2016, Plaintiff filed a Return of Service indicating that he served Cindy Halverson, the Registered Agent for Corporate Services Company, located at 505 5th Ave., Suite 729, Des Moines, Iowa 50309. *See* Ex. I [ECF No. 1-9]. The next week, on September 14, 2016, the state court entered a default judgment against Wells Fargo Home Mortgage, Inc. *See* Ex. J [ECF No. 1-10].

On September 23, 2016, Defendant filed a Motion for New Trial and to Set Aside Default Judgment in the state court. *See* Ex. L [ECF No. 1-12]. That same day, Defendant removed the case to federal court based on federal question jurisdiction, because Plaintiff's Petition alleges a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq. See* Notice of Removal 4 [ECF No. 1]. Defendant filed a Supplement to its Motion for New Trial on October 6, 2016 [ECF No. 5], and later, on September 1, 2017, in compliance with the Court's Scheduling Order, a Motion to Dismiss [ECF No. 14]. After this case was transferred to the docket of a new magistrate judge, Defendant filed a Motion to Vacate Default Judgment [ECF No. 19].

By the Motion for New Trial, filed in state court prior to removal, and the post-removal Motion to Vacate Default Judgment, Defendant argues that Plaintiff obtained a no-answer default judgment against Wells Fargo Home Mortgage, Inc., an entity that ceased to exist over twelve years prior to the entry of the default judgment. *See* Mot. 1 [ECF No. 19]. Defendant points out that Wells Fargo Home Mortgage, Inc.'s registered agent, as shown on the Texas Secretary of State website, is Corporation Service Company, located at 701 Brazos St., Suite 1050, Austin, Texas 78701. *See* Mot. 3; Ex. L [ECF No. 1-12 at 10]. Therefore, Defendant argues that the default judgment Plaintiff obtained in state court is void and should be vacated pursuant to Fed. R. Civ. P. 60(b)(4). *See* Mot. 1.

By its Motion to Dismiss, Defendant argues that Plaintiff's Small Claims Petition fails to provide any details regarding the facts surrounding his causes of action, as required by Fed. R. Civ. 8(a)(2). *See* Mot. 1 [ECF No. 14].  As such, Plaintiff has failed to state a claim upon which relief can be granted, and this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff failed to file a response to either motion. Therefore, the Court considers Defendant's motions without the benefit of a response.

### Legal Standards and Analysis

#### Motions to Set Aside or Vacate Default Judgment

Defendant seeks to vacate the default judgment entered by the state court on the ground that the judgment is void because Defendant was not properly

served with process. Fed. R. Civ. P. 60(b)(4) authorizes a district court to order relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has held that "[w]hen service of process is improper, the default judgment is void, and the district court *must* grant a Rule 60(b)(4) motion for relief from it." *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002) (emphasis added).

Here, Defendant contends that the default judgment is void because Plaintiff failed to serve Defendant's registered agent in accordance with the applicable Texas procedural rules. *See* Mot. 4-5; Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."). Under Tex. Civ. Prac. & Rem. Code § 17.028(b), "citation may be served on a financial institution by: (1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state."

Defendant provides the following information and documents, of which the Court takes judicial notice:[1]

---

[1] The Court takes judicial notice of the listed information and documents under Fed. R. Evid. 201(b) & (c).

1.  A printout from the Texas Secretary of State's
    website showing that Wells Fargo Home Mortgage,
    Inc.'s registered agent was Corporation Service
    Company with an address at: 701 Brazos St., Suite
    1050, Austin, TX 78701, as of the entity's filing date
    of October 24, 1991, but that entity has since been
    terminated. *See* Ex. 2 [ECF No. 19-2 at 10]; Ex. L
    [ECF No. 1-12 at 10];

2.  Documents filed with the California Secretary of
    State showing that Wells Fargo Home Mortgage, Inc.
    merged into Wells Fargo Bank, N.A. on May 5, 2004.
    *See* Ex. 1 [ECF No. 19-1 at 3];

3.  A copy of the Agreement of Merger of Wells Fargo
    Home Mortgage, Inc. into Wells Fargo Bank, N.A.,
    filed as Doc. No. 62273910002 in the Office of the
    Secretary of the State of Texas on June 9, 2004.

The record establishes that Plaintiff filed his underlying state court action against Wells Fargo Home Mortgage, Inc., on August 8, 2016. *See* Pet. [ECF No. 1-5]. But, Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. on May 5, 2004, and did not exist as a separate legal entity at the time Plaintiff filed his lawsuit. Furthermore, Plaintiff served an agent in Des Moines, Iowa, rather than the agent for Wells Fargo Home Mortgage, Inc., who was located in Austin, Texas, as listed on the Texas Secretary of State's website. Under these facts, it is clear that Plaintiff failed to properly serve Defendant.

Accordingly, the District Court should GRANT Defendant's Motion to Vacate Default Judgment [ECF No. 19] and vacate the state court default judgment for lack of proper service of process. *Jackson*, 302 F.3d at 528; *see also Recreational Properties, Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th

Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.").

<u>Motion to Dismiss</u>

Assuming the default judgment is vacated, Defendant seeks to dismiss all of Plaintiff's claims and causes of action under Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiffs' allegations as true, it is "not bound

to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory

statements, will not suffice to state a claim for relief. *See id.*

In this case, Plaintiff's Small Claims Petition alleges, in its entirety:

> Defendant(s) are justly indebted to Plaintiff(s) in the
> sum of $5,000.00 for the following reason(s):
>
> 1) defamation;
>
> 2) negligent enablement of identity fraud; and
>
> 3) violation of the Fair Credit Reporting Act.

*See* Pet. 3 [ECF No. 1-5]. Plaintiff's allegations are merely labels, wholly lacking in

any factual support, and thus fail to state a claim upon which relief can be

granted.

Plaintiff invokes the Fair Credit Reporting Act. To the extent Plaintiff seeks

to bring a claim under 15 U.S.C. § 1681s-2(a), his claim fails as a matter of law.

Section 1681s-2(a)(3) provides: "If the completeness or accuracy of any

information furnished by any person to any consumer reporting agency is

disputed to such person by a consumer, the person may not furnish the

information to any consumer reporting agency without notice that such

information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). While this

statute creates a duty not to report disputed credit information to a consumer

reporting agency, it does not create a private right of action. Rather, enforcement

is left to public officials. *See* 15 U.S.C. § 1681s-2(d); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). Plaintiff's FCRA claim under Section 1681s-2(a) must be dismissed with prejudice.

To the extent Plaintiff attempts to assert a claim under Section 1681s-2(b)—the FCRA provision which does supply a private right of action—his claim still cannot survive dismissal. Section 1681s-2(b) imposes a duty on a furnisher of credit information to conduct an investigation with respect to a borrower's dispute and to report the results of that investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). To state a cause of action under Section 1681s–2(b), a plaintiff must allege that a consumer reporting agency, like Equifax, notified the furnisher, here the Defendant, of the dispute. *Young*, 294 F.3d at 639. In this case, Plaintiff does not allege that a credit reporting agency provided Defendant with notice of any dispute sufficient to trigger Defendant's duty under the statute. Therefore, Plaintiff's FCRA claim under Section 1681s-2(b) also should be dismissed.

Ordinarily, the Court would recommend that Plaintiff be given leave to amend his pleadings in an attempt to cure the defects identified by Defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 329 (5th Cir. 2002) (stating court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal"). In this case, however, Plaintiff's conduct since removal establishes that he is unwilling to amend his pleading in a manner that will avoid dismissal. Plaintiff did not respond to Defendant's Motion to Dismiss; nor did Plaintiff ever respond to any of Defendant's motions. In fact, Plaintiff has not filed any document or participated in this case in any way since it was removed to federal court. Plaintiff also has failed to comply with prior Orders. On September 30, 2016, the Court ordered Plaintiff and counsel for Defendant to confer for the purpose of submitting a joint proposal for the contents of a scheduling order. *See* Order [ECF No. 4]. Defendant reported that Plaintiff did not confer with defense counsel and did not participate in preparing the scheduling proposal. *See* Report 1 n.1 [ECF No. 8]. Plaintiff has demonstrated an inability or unwillingness to prosecute his claims in federal court. Therefore, he should not be given an opportunity to replead.

Because the Court should dismiss Plaintiff's federal claim with prejudice, it should decline to exercise supplemental jurisdiction over the state law claims for defamation and negligent enablement of identity fraud. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

## RECOMMENDATION

For the foregoing reasons, the District Court should **GRANT** Defendant's Motion to Vacate Default Judgment [ECF No. 19], and Defendant's Motion to Dismiss [ECF No. 14]. The Court should dismiss Plaintiff's federal claim with prejudice for failure to state a claim and decline to exercise jurisdiction over Plaintiff's state law claims.

**SO RECOMMENDED**.

July 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

10